United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 7, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

———————

No. 02-20868

———————

PRO-LIFE COUGARS AND JEANNE S. TULLOS,

Plaintiffs-Appellees,

VERSUS

UNIVERSITY OF HOUSTON, ET AL.,

Defendants,

DR. ELWYN C. LEE,
IN HIS OFFICIAL CAPACITY AS VICE PRESIDENT
FOR STUDENT AFFAIRS OF THE UNIVERSITY OF HOUSTON;

DR. WILLIAM F. MUNSON,
IN HIS OFFICIAL CAPACITY AS ASSISTANT VICE PRESIDENT
FOR STUDENT DEVELOPMENT & DEAN
OF STUDENTS UNIVERSITY OF HOUSTON,

Defendants-Appellants.

———————

Appeals from the United States District Court
for the Southern District of Texas
m H-02-CV-219

———————

Before SMITH, DENNIS, and CLEMENT,
Circuit Judges.

PER CURIAM:[*]

University of Houston officials appeal a preliminary injunction, and refusal to dissolve that injunction, prohibiting the enforcement of the university's student expressive activity policy. Because, during the pendency of this appeal, the district court granted summary judgment for Pro-Life Cougars, we dismiss the appeal as moot.

I.

Pro-Life Cougars, a registered student organization at the university, applied for a permit to display a "Justice for All Exhibit." The organization requested to display the exhibit in Butler Plaza, a high-pedestrian traffic area located in the center of the university's main campus. The exhibit, which measures approximately fifty by sixty feet, advocates a viewpoint on abortion and related issues.

Dean of Students William Munson denied the permit after determining the event was "potentially disruptive." Under the university's policy on expressive student activity, proposed events deemed potentially disruptive by the dean of students could not be held in Butler Plaza.[1] Instead, Munson gave Pro-Life Cougars the option of displaying the Justice for All Exhibit in three alternate sites, none of which the organization considered acceptable.

Pro-Life Cougars sued Munson, Vice President for Student Affairs Dr. Elwyn C. Lee, and the university, contending that the policy violates the First and Fourteenth Amendments of the United States Constitution. The district court preliminarily enjoined university officials from enforcing the policy so as to impose any prior restraint in Butler Plaza. The order stated that the policy delegated to the dean of students "overly broad, unfettered, and absolute discretion to impose prior restraint on student expressive activities."

The university adopted a successor policy banning all student expressive activity from Butler Plaza.[2] The district court denied the university's motion to dissolve the preliminary injunction, finding that the new policy did not moot the first policy, primarily because the university continued to defend its constitutionality. The university appealed the preliminary injunction and refusal to dissolve.

Pro-Life Cougars amended its complaint to add claims arguing that the second policy also violates the First Amendment. After denying the university's motion to stay proceedings pending appeal, the district court granted partial summary judgment on March 13, 2003, declaring the first policy unconstitutional essentially for the same reasons stated in the preliminary injunction order.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The university maintains that all student groups were denied access to Butler Plaza as an interim measure while the student expressive activity policy was under review.

[2] Pro-Life Cougars was still able to display the Justice for All Exhibit in Butler Plaza. In addition to enjoining enforcement of the first policy, the preliminary injunction specifically prevented the university from denying Pro-Life Cougars access to Butler Plaza.

## II.

We have appellate jurisdiction to review a preliminary injunction and the refusal to dissolve that injunction. 28 U.S.C. § 1292(a)(1). Where, however, a decision on the merits is rendered during the appeal of a preliminary injunction, the preliminary injunction becomes moot, and we lose jurisdiction.[3] In other words, the preliminary injunction merges with the decision on the merits. The defendants "will be able to obtain as broad a review on the merits of the order granting the permanent injunction as they could have obtained on appeal from the order granting the preliminary injunction." *La. World Exposition*, 746 F.2d at 1038.

Of course, this is not the case where the final judgment does not resolve the issue raised by the appeal of the preliminary injunction. For example, in *Stacey G. v. Pasadena Indep. Sch. Dist.*, 695 F.2d 949, 955 (5th Cir. 1983), we reviewed a preliminary injunction requiring a school district to pay the interim private school costs of a child who sought the provision of public special education services. The final judgment requiring the school district to provide special education services did not moot the subject of the preliminary injunction. *Id.* Here, the issues raised by the preliminary injunction and final disposition of Pro-Life

Cougar's claims are the sameSSthe constitutionality of the first policy.

The appeal is DISMISSED for want of jurisdiction. We express no view on the merits of this appeal or any related litigation.

---

[3] *E.g.*, *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 314 (1999) ("Generally, an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter."); *La. World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1038 (5th Cir. 1984) ("Once an order granting a permanent injunction is entered, the order granting the preliminary injunction is merged with it, and an appeal is proper only from the order granting the permanent injunction.").